Sneed, J.,
deliver eel tbe opinion of the court:
The will of Mrs. Eliza L. Theus, deceased, late of the city of Jackson, contains the following clause, which is *458 the subject of this controversy: “I give and bequeath to Joel !R. Ohappel and John Glass, three thousand dollars in trust, and for the sole purpose of -buying or building a permanent parsonage for the Baptist Church worshiping in Jackson, and their successors, who- shall hold the same Oal-vinistic doctrine as recognized by them and 'by the old and regular Baptist Church in the United States.” The testatrix died on the 14th of August, 1868- — the will having been executed during the previous month of July. The defendant, F. D. Theus, the executor named in the will, was qualified as such a.t the September term, 1868, of the county court of Madison county.
The bill is filed by Ohappel and Glass, the trustees of the fund in question,- nominated in the will, to compel the executor to pay over said fund to them. The other legatees under the will are made parties to the bill, and several of them being minors, are represented by a guardian ad litem, but they file no cross bill, and claim no- active relief as against the executor, for one of whom he is testamentary guardian. The executor answers that the legacies- to- complainants and defendants under the provisions of the will are to be paid out of a fund specially designated in the will, and he had been delayed somewhat in the collection of that, and other assets due the estate, and he asks direction of the court in paying out the fund demanded by complainants. And it is argued on his behalf that the bequest is void for uncertainty, and that as to the same-, the testatrix died intestate.
The chancellor held the bequest valid, and decreed a recovery in behalf of complainants, with interest from the day of the death of the testatrix.- A decree was rendered also in favor of the- other defendant legatees, directing that their legacies be paid into court, with interest compounded, as in favor of the complainants. ¥e think there can be no doubt of the correctness of the chancellor’s decree as to the validity of the gift to complainants. We *459 do not propose to elaborate tbe question over the. vast field of learning as to devises and bequests to pious and charitable uses so often discussed in our reported cases. There is, perhaps, no subject which has so greatly tasked the industry and developed the enidition of some of our predecessors on the bench, all of which may now, however, be resolved into a simple rule by which any and all cases may be determined. If the fund bp vested in a trustee to be managed and controlled by him for a lawful, definite, char'itable use, the gift will be valid, though there be no person in being capable of suing" for the etnforcetnent of the trust. And these trusts are favored by courts of equity, and will be supported, even where the trust would fail for uncertainty, were it not charity. Dickson v. Montgomery, 1 Swan, 348; Gass v. Ross, 3 Sneed, 211; Green v. Allen, 5 Hum., 204; Franklin v. Armfield, 2 Sneed, 305; Frierson v. Gen. Assembly, etc., 7 Heis., 683.
“It is of the very nature of a charity,” says Judge Green, “that the individual beneficiaries of the charity are unknown.” 1 Swan, 370. If the trust itself be certain, fixed and definite, and there be a latent ambiguity as to who were to enjoy it, which is susceptible of explanation by proof, the trust will be sustained. Gass v. Ross, 3 Sneed, 211. Under these well established rules, Ave think this trust is valid. "We do not think, however, that upon the facts of this case, interest on this trust legacy should have been computed from the death of the testatrix. The general rule, as stated by the supreme court of North Carolina, is, that “AvheneAer one person has the money of another, and knows what sum he ought to pay, he should pay interest for the same.” Hunt v. Jacks, 1 Hay., 173; State v. Blount, Id., 4. There is no doubt that legacies improperly withheld bear interest. Thus, as we held in Mills v. Mills, 3 Head, 706, a legacy severed from the rest of the testator’s estate, and specifically appropriated to the benefit of the legatee, bears interest from thei testator’s *460 death. But a legacy given generally out of the testator’s personal estate, without specification of any time of payment, bears interest from the expiration of one year next after his death. The executor is allowed that time for the collection of the. effects. Hills v. Mills, 3 Head, 706. In this state the executor would have two. years within which to settle the estate, and it would seem the sounder rule that interest should accrue! according to the exigencies of the estate in regard to its debts, and the situation of its assets. The testatrix in this case directs that the legacy be' paid out of certain notes on her son-in-law, to be collected after her death. The testatrix, as we have seen, died 14th of August, 1868. The notes were executed in 1860, at one, two, three, and four years, without interest, with a verbal understanding that they were not to be collected during the life of the testatrix. A part of the fund was paid in the early part of 1869, another payment was made in 1870, but the balance remained unpaid until some' time in 1871. Under these circumstances, interest should not have been computed from the death of the testatrix, but from one year next after her death. We think the chancellor erred also in rendering a decree in this case in favor of the other defendants- — the minor legatees under the will. They have filed no cross bill, and asked for no active relief, nor has the defendant had his “day in court” as to them.
Let the decree be modified accordingly.